NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-160-KSF

NEARIAH BLACKWELL                                                                                              PETITIONER

VS:                              **MEMORANDUM OPINION AND ORDER**

BUREAU OF PRISONS, ET AL.                                                                              RESPONDENT

\*\*    \*\*    \*\*    \*\*    \*\*

Neariah Blackwell, an individual currently incarcerated in the Federal Medical Center in Lexington, Kentucky, has submitted the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has now paid the district court filing fee.

The petition is now before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As the petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). For the reasons to be discussed below, the petition will be denied and the cause of action dismissed, *sua sponte*.

## RESPONDENTS

The petitioner names four respondents: (1) the Bureau of Prisons ("BOP"); (2) the BOP's Director, Harley Lappin; (3) the BOP's Regional Director, Kim White; and (4) U.S. Attorney General Alberto Gonzales.

## ALLEGATIONS AND CLAIMS

The first paragraph of Petitioner Blackwell's self-styled petition and memorandum contains his claim that his "Statutory and Due Process rights have been violated the Federal Bureau of Prisons when the [sic] unconstitutionally denies Petitioner the right for his Supervised Release to be considered with the sentence and afforded Parole pursuant the statutes . . . ." His only attachment to the petition is the portion of his Judgment in a Criminal Case, which shows that he was sentenced on December 17, 2005, and the supervised release portion of his sentence is for a 3- year period of time. *United States v. Blackwell*, N.D.Ind., No. 2:05-CR-14.

The bulk of Blackwell's allegations are difficult to understand. He first claims that on January 12, 2005, the Supreme Court of the United States of America ruled that all judgments issued under the United States Sentencing Guidelines ("USSG") were void. According to the instant petitioner, the High Court's decision on that date invalidated the entire Sentencing Reform Act of 1984 containing the USSG provisions, because it had no severance provision. Prior law, therefore, replaces nullified law, and no current valid law supports the use of supervised release as part of an authorized punishment. The Court construes this as a claim based on *United States v. Booker*, 543 U.S. 220 (2005), which was handed down on that date.[1]

---

[1] In *Booker*, the Supreme Court held that "two provisions of the Sentencing Reform Act of 1984 (SRA) that have the effect of making the Guidelines mandatory must be invalidated in order to allow the statute to operate in a manner consistent with congressional intent." 543 U.S. at 227.

Petitioner cites to numerous Title 18 statutes allegedly standing for the proposition, "When the sentencing powers of the court [are limited] to three types of penalty for offenses . . . and supervised release is not mentioned, then supervised release is not [sic] authorized sentence." Petition at 9. For this reason, the petitioner argues, supervised release cannot be "tacked on" to the length of time which was served in incarceration, as a part of his punishment.

The petitioner also makes constitutional claims, arguing that supervised release is also illegal under the separation of powers doctrine, the double jeopardy provision of the Fifth Amendment, and the Eighth Amendment prohibition against cruel and unusual punishment.

Petitioner claims that a federal sentence should be computed by subtracting the term of supervised release from the time to which a prisoner was sentenced, the remainder being the only period of time which must actually be served in a prison. He then gives an example of the proper calculation of prison time, as follows:

> 13. It is clear from reading the USC sections that supervised release is to be included as part of any punishment. In short, supervised release is in lieu of parole under prior law to the now excised USSG.
>     Example:
>     A sentence of 120 months with a term of supervised release after imprisonment results in a stay at prison of 60 months when supervised release is set at five (5) years: A deduction of 47 days for a deduction of 235 days or 7months off the five years.
> 14. Supervised Release is not an authorized sentence.

Record No. 1 at 3.

On this logic, the petitioner asks the Court to order the BOP to recalculate his supervised release and good time "to reflect the appropriate time which is required" to be served in prison; and to then order that the BOP release him from imprisonment.

DISCUSSION

The Court is familiar with the instant petition and arguments because of a prior filing. In *Green v. Grondolski*, 6:06-CV-034-KKC, the petition not only contained the same claims as herein but sometimes contained the exact language *verbatim*. For instance, the above-quoted example on page 3 of Petitioner Blackwell's petition herein is found on page 3 of Petitioner Green's memorandum, which reads in pertinent part as follows:

> It is clear from reading the USC. sections that supervised release is to be included as part of any punishment. In short, supervised release is in lieu of parole under prior law to the now excised USSG. Example; **A** sentence of 120 months with a term of supervised release after imprisonment results in a stay at prison of *60* months when supervised release is set at five years. **A** deduction of *54* days per year served should result in 270 day deduction, yet BOP (Bureau of Prisons) only allows 47 days for a deduction of 235 days, or 7 months off the five years.
> Supervised Release is not an authorized sentence.

*Green v. Grondolski*, Record No. 1 at 3.

In the prior *Green* case, the petition was denied and the proceedings dismissed, *sua sponte*, as an impermissible challenge to the legality of his sentence under 28 U.S.C. §2241, as the petitioner had failed to show that his remedy by a 28 U.S.C. §2255 motion to the trial court was inadequate or ineffective for doing so. This ruling is equally applicable here.

The law is that a prisoner is barred from using this Court's §2241 jurisdiction to challenge his conviction or sentence in another district court, unless he can prove that his remedy by a §2255 motion to the trial court to vacate, alter, or amend the judgment is inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. §2255, ¶ 5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999) (discussing "inadequate and ineffective"); *Martin v. Perez*, 319 F.3d 799 (6th Cir.

4

2003) (discussing requirement of alleging "actual innocence," based on an intervening U.S. Supreme Court decision).

The standard for demonstrating the inadequacy and ineffectiveness of a prisoner's remedy via a §2255 motion to the trial court is a high one under *Charles* and *Martin*, one which, in the opinion of this Court, Petitioner Blackwell has not met. He has not shown the inadequacy or ineffectiveness of a §2255 motion; he has not alleged actual innocence; he has not relied on an intervening Supreme Court case which interprets the statute under which the prisoner was convicted such that his conduct is not criminal. Moreover, he could have presented his theory about supervised release before the trial court at sentencing, in any appeal, or in a later §2255 motion. Having had adequate opportunities to assert the instant claim earlier and having failed to do so, Petitioner Blackwell may not proceed to do so under this Court's §2241 jurisdiction.

Petitioners Blackwell and Green are not alone in making these arguments and being dismissed for their failure to demonstrate that a §2255 motion is inadequate or ineffective to test the illegality of their detention. The same claims from a *pro se* petitioner and the same resolution by a district court are contained in *Carrera v. Craig*, 2006 WL 533742 (N.D.N.Y. 2006) (not reported in F.Supp.2d). The instant petitioner provides no supporting case law to the contrary.

Alternatively, to the extent that the instant petitioner claims that the BOP is incorrectly calculating his sentence, a prisoner may, indeed, use 28 U.S.C. §2241 to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per

5

curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam).

To do so, however, a prisoner must first exhaust any available administrative remedies. The administrative procedures for federal prisoners are set out in the BOP's Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a formal request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file the formal written request (a BP-9 form) to the Warden. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* §542.15 (a) - (b).

The instant petitioner has failed to show that he exhausted – or even began – the BOP administrative remedy process. One of the reasons for the exhaustion requirement is to prepare a record for the Court's review of the issues. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). The petitioner's failure to provide an administrative record for this Court warrants dismissal of his petition.

A certificate of appealability should only be issued if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In the present case, the Court determines that Defendant has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Petitioner Neariah Blackwell's petition for writ of habeas corpus is **DENIED**;

(2) A Certificate of Appealability shall not issue because the Defendant has not made a substantial showing of the denial of any substantive constitutional right; and

(2) This action shall be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondents.

This June 19, 2007.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge